UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SANJAYKUMAR G. PATEL**  A#073 127 568 | : | **CIVIL ACTION NO. 2:18-cv-1325**  **SECTION P** |
| **VERSUS** | : | **CHIEF JUDGE HICKS** |
| **JEFF SESSIONS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by Sanjaykumar G. Patel, who is represented by counsel in this matter. Patel is in the custody of Immigration and Customs Enforcement ("ICE") and is currently incarcerated at the Allen Parish Public Safety Complex in Oberlin, Louisiana. The federal defendants oppose the motion. Doc. 9.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Patel is a native and citizen of India who entered the United States without admission on or about March 6, 1994.[1] Doc. 9, att. 1, p. 1, ¶¶ 1–3. On April 20, 1994, following deportation

---

[1] For the factual basis of its opposition, the federal defendants rely on the sworn declaration of Richard Brooks, assistant field office director for the ICE facility in Oakdale, Louisiana. *See* doc. 9, att. 1. Patel has not filed a reply to the response, nor has he otherwise attempted to rebut Brooks's statements. Accordingly, we regard the statements made by Brooks and the documents attached to his declaration as accurate.

proceedings at which Patel failed to appear, an immigration judge issued an order for his removal from the United States. Doc. 1, att. 3. Patel was placed in ICE custody on February 23, 2018. Doc. 9, att. 1, p. 1, ¶ 4. He moved to reopen removal proceedings, and that motion was denied by an immigration judge on May 7, 2018. Doc. 9, att. 2, p. 9. On April 17, 2018, ICE requested a travel document. Doc. 9, att. 1, p. 1, ¶ 6. The document was received on September 26, 2018.[2] *Id.* at p. 1, ¶ 9. Meanwhile, ICE also reviewed Patel's detention and continued it by decisions dated May 21, 2018, and August 31, 2018. Doc. 9, att. 2, pp. 1, 3. On October 1, 2018, the Board of Immigration Appeals ("BIA") dismissed Patel's appeal of the denial of his motion to reopen immigration proceedings. *Id.* at 5–8.

Patel was scheduled for removal on November 15, 2018, by travel documents that expired on December 25, 2018. Doc. 9, att. 1, p. 2, ¶ 11. Before removal could be accomplished, Patel filed a petition for review in the United States Court of Appeals for the Ninth Circuit. *Id.*; *see Patel v. Whitaker*, No. 18-72830 (9th Cir.). On November 28, 2018, he filed a motion to withdraw the stay of removal effected by his appeal, stating that he wished to be returned to India as soon as possible. Doc. 9, att. 2, p. 11. The Ninth Circuit granted the motion on December 5, 2018, and lifted the temporary stay of removal. *Id.* at 10. Patel's case appears to remain pending in that court, with his opening brief due on March 14, 2019. *Id.*

Patel also filed the instant habeas petition in this court on October 9, 2018. Doc. 1. Here he challenges his continued incarceration under *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001). The federal defendants oppose the petition. Doc. 9. Patel has not filed a reply, and his time for doing so has passed. *See* doc. 4.

---

[2] In his petition Patel alleges that ICE "has been unable to secure travel documents" and that his removal "is not significantly likely to occur in the foreseeable future." Doc. 1, p. 10, ¶ 45. He provides no support for these statements, which are contradicted by the government's evidence above.

## II.
## LAW & ANALYSIS

In *Zadvydas*, the Court held that it is presumptively unconstitutional for an alien to be detained for six months past the 90-day removal period following an order of removal. 121 S.Ct. at 2504–05. After expiration of this period, an alien may seek release from custody by showing a "good reason to believe that there is no significant likelihood of removal in the foreseeable future." *Adefemi v. Gonzales*, 228 Fed. App'x 415 (5th Cir. 2007). As the Supreme Court emphasized, "[t]his 6-month presumption . . . does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 121 S.Ct. at 2505. In seeking relief under *Zadvydas*, the petitioner "bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

The concerns of *Zadvydas* are not implicated, however, when the detainee controls the clock. *E.g.*, *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003). The removal period may thus be tolled when the petitioner acts in such a way as to prevent his removal, including through his continuing litigation. *Triumph v. Mukasey*, 2008 WL 660298, at * 4 (W.D. La. Feb. 13, 2008); *see also Lawal v. Lynch*, 156 F.Supp.3d 846, 854 (S.D. Tex. 2016). As the federal defendants have shown, travel documents were previously issued in this matter. Patel's scheduled departure was delayed by the stay in removal brought about by his petition for review to the Ninth Circuit. Even though the stay has since been withdrawn at Patel's request, his litigation has already prevented his removal. Additionally, the fact that travel documents have already been issued in this matter prevents the court from crediting Patel's conclusory allegation that that his removal is not likely

to occur in the foreseeable future. Patel fails to carry his burden of showing that his detention is unconstitutional. He is therefore not entitled to federal habeas relief.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the petition for writ of habeas corpus [doc. 1] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of February, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE